McKinney, J.,
delivered the opinion of the court.
This was a presentment by the grand jury for retailing spirituous liquors on Sunday; to which the defendant pleaded in abatement, “ that the same w;as not found upon the knowledge or information of the grand jury, or any one of their body.” To this plea the Attorney General demurred, and the demurrer was sustained. The defendant, having been put upon trial and convicted, has appealed in error to this court, and assigns for error the judgment of the court upon the demurrer.
In this there is no error. The plea is essentially defective in substance. The matter averred in abatement of the presentment may be true, and still it may have been properly made by the grand jury. We have held, at the present term, (The State vs. Eskridge, Ante. 413,) that, under the act of 1846, *474 ch. 90, it is an indictable offence to retail or sell spirituous liquors on Sunday, in any mode or quantity. We bave also held, in the case of Glenn vs. The State, (Ante. 19,) that under the 13th section of the act of 1846, the grand jury have power “ to send for witnesses,” for the purpose of making presentments, in all cases of the unlawful selling or retailing of spirituous liquors under that act. For aught averred in this plea, the presentment may have been made upon the information of witnesses brought before the grand jury, pursuant to the provision of the foregoing act. The presumption of law is, that the presentment was made in a lawful and proper mode ; and to constitute a sufficient plea in abatement, this legal conclusion must be fully excluded by the express aver-ments of the plea; in other words, the plea must distinctly show that the presentment was not made in any manner authorized by law.
Judgment affirmed.